IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

Karen G. Shropshire
Greer & Shropshire, L.L.P.
Texas Bar No. 08417150
300 Preston Commons West
8117 Preston Road Dallas, Texas 75225
214.706.9250
214.706.9251 (Fax)
**Attorneys for Plaintiff Trinity Hardwood Distributors, Inc.**

| | | |
|---|---|---|
| IN RE: § | CASE NO. 08-42075 | |
| § | | |
| JOHN T. HOEFER, § | Chapter 7 | |
| § | | |
| Debtor § | | |
| § | | |
| § | | |
| TRINITY HARDWOOD § | | |
| DISTRIBUTORS, INC., § | | |
| Plaintiff § | | |
| § | | |
| v. § | | |
| § | | |
| JOHN T. HOEFER, § | | |
| § | Adversary No | |
| Defendant § | | |

**TRINITY HARDWOOD DISTRIBUTORS, INC.'S OBJECTION TO DEBTOR'S DISCHARGE AND COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Plaintiff/Creditor Trinity Hardwood Distributors, Inc. objects to the discharge of

Debtor John T. Hoefer and files its Complaint to Determine Dischargeability of Debt and

in support respectfully shows the Court as follows:

**Trinity Hardwood Distributors, Inc.'s Objection to Debtors' Discharge and
Complaint to Determine Dischargeability of Debt—Page 1**

### I. Jurisdiction and Venue

1. This Court has jurisdiction of this matter pursuant to 28 U.S.C. sections 157 and 1334. This adversary proceeding is brought pursuant to sections 523 and 727 of Title 11 of the United States Bankruptcy Code.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I), (J). Plaintiff brings this adversary complaint within the times allowed by the court.

3. Venue is proper in this Court pursuant to 28 U.S.C. sections 1408 and 1409.

### II. Parties

4. Plaintiff is a Texas corporation and a creditor of Defendant and holds claims against Defendant as of the petition date. Accordingly, Plaintiff has standing to assert this action pursuant to section 523 of the Bankruptcy Code and rule 4007(a) of the Federal Rules of Bankrupcty Procedure.

5. Defendant is an individual and the debtor in this bankruptcy, and may be served with process at his place of residence, 4608 Lawson Court; Plano, Texas 75093.

### III. Facts

6. Plaintiff and two other creditors filed an involuntary petition under the United States Bankruptcy Code, initiating the above-styled bankruptcy case and bankruptcy case 08-42072, *In re Hoefer Management Co., Inc.*

7. Before the petition was filed, Debtor guaranteed the debt of Hoefer Management Co., Inc. ("Debtor Company"), which entered into contracts with Trinity under whose terms Trinity supplied flooring materials to Debtor Company. On information and belief, Defendant controlled and managed Debtor Company.

**Trinity Hardwood Distributors, Inc.'s Objection to Debtors' Discharge and
Complaint to Determine Dischargeability of Debt—Page 2**

8.      On information and belief, Debtor Company obtained payment for all or part of the materials Trinity provided but failed to pay Trinity.

9.      On information and belief, Defendant took or transferred to third parties all or part of the assets held by Debtor Company, including accounts receivable, without paying Trinity, at a time when Defendant and Debtor Company were indebted to Trinity in the amount of $47,352.05.

## IV. Claims

### Count One: Determination of Non-Dischargeability of Debt Pursuant to Section 523(a)(2)

10.     Section 523(a)(2) of the Bankruptcy Code excepts from discharge a debt for money, property, services or an extension of credit obtained by false pretenses, a false representation or actual fraud.

11.     Based on Defendant's conduct, as described below, the debt due Trinity from Defendant is non-dischargeable pursuant to 11 U.S.C. section 523(a)(2). Accordingly, Trinity seeks judgment determining that the debt due it from Defendant Debtor is non-dischargeable.

**A.      Violations of Texas Property Code "Trust Fund" Profisions.**

12.     Plaintiff seeks recovery against Defendant pursuant to Chapter 162, Subchapter A, of the Texas Property Code. On information and belief, Debtor Company was a "contractor" that received funds for the improvement of specific real property. Also on information and belief, Defendant or Debtor Company received monies paid pursuant to a construction contract or loan for construction. All or part of such payments made

**Trinity Hardwood Distributors, Inc.'s Objection to Debtors' Discharge and
Complaint to Determine Dischargeability of Debt—Page 3**

pursuant to the construction contract and all such borrowed funds constitute "trust funds" pursuant to section 162.011 of the Texas Property Code. Defendant did not pay Plaintiff trust funds for materials Plaintiff provided for the improvement of real property in Texas. In so furnishing the materials, Plaintiff is a beneficiary of those trust funds pursuant to section 162.003 of the Texas Property Code. Defendant Debtor misappropriated the trust funds and, on information and belief, failed to comply with the provisions of Chapter 162 in keeping such funds separate and in establishing accounts for trust funds.

13. Defendant is liable to Plaintiff in the amount of the trust funds paid, as, on information and belief, Defendant directed and controlled the use of the trust funds received, in the amount of $47,352.05.

14. Plaintiff seeks additional and punitive damages to the extent permitted by law due to Defendant's knowing, intentional, willful and illegal conduct and conscious disregard of Plaintiff's rights and Defendant's obligations, and unlawful misappropriation of trust funds.

**B.    Conversion of Trust Funds**

15. On information and belief, Defendant exercised dominion and control over trust funds in which Plaintiff had the superior right to possession, as more specifically described in Count One, above.

16. On information and belief, Defendant did not have a right to use the trust funds but misapplied the funds with knowledge of Plaintiff's superior rights to the funds, in violation of Texas law. Defendant acted willfully and with conscious disregard of Plaintiff's rights, with intent to deprive Plaintiff of its property rights, and with intent to

**Trinity Hardwood Distributors, Inc.'s Objection to Debtors' Discharge and
Complaint to Determine Dischargeability of Debt—Page 4**

defraud, with gross negligence and with malice.

17. Plaintiff seeks recovery of all such trust funds and recovery of any property purchased with the trust funds, or with funds commingled with such trust funds, in which property Plaintiff has superior rights. Plaintiffs also seeks exemplary damages based on Defendant's wrongful conduct.

**C.     Violation of the Texas Theft Liability Act**

18. Plaintiff fully incorporates the allegations in Counts One and Two as if fully set forth in this paragraph. Those allegations also constitute a claim that Defendant Debtor violated the Theft Liability Act ("TLA").

19. Plaintiff seeks actual, statutory and exemplary damages as permitted under the TLA, together with attorney's fees, interest, costs and all additional damages permitted under the TLA.

**D.     Fraudulent Transfer**

20. On information and belief, Debtor Company transferred assets to Defendant, or to another company controlled and managed by Defendant, without receiving a reasonably equivalent value. The transfer occurred at a time Debtor Company and Defendant were insolvent or would become insolvent due to the transfers.

21. On further information and belief, Defendant made the transfers with knowledge of Plaintiff's claim and without paying the claim. Defendant accepted the transfer of such assets without paying a reasonable value for them as defined in the Texas Business

& Commerce Code and without ensuring that Debtor Company's creditors such as Plaintiff had been paid.

**Count Two:  Determination of Non-Dischargeability of Debt Pursuant to Section 523(a)(4)**

22. Section 523(a)(4) of the Bankruptcy Code excepts from discharge a debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny.

23. Based on Defendant's conduct as described in Count One, the debt due Trinity from Defendant also is non-dischargeable pursuant to 11 U.S.C. section 523(a)(4). Accordingly, Trinity seeks judgment determining that the debt due it from Defendant is non-dischargeable under that section.

**Count Three:  Determination of Non-Dischargeability of Debtor Pursuant to Section 727(a)**

24. Section 727(a) of the Bankruptcy Code provides that the Court shall grant the debtor a discharge, unless the debtor (i) with intent to hinder, delay or defraud a creditor, has transferred, removed, destroyed or concealed property of the debtor within one year before the date of filing the petition; (ii) without justification, has concealed, or failed to keep or preserve recorded information from which the debtor's financial condition or business transactions might be ascertained; or (iii) failed to explain satisfactorily, before determination of denial of discharge, any loss of assets or deficiency of assets to meet the debtor's liabilities.  *See* 28 U.S.C. 727(a)(2), (3), (5).

25. On information and belief, Defendant has transferred funds or property within one year of the filing of the bankruptcy petition, and has concealed or failed to properly

**Trinity Hardwood Distributors, Inc.'s Objection to Debtors' Discharge and
Complaint to Determine Dischargeability of Debt—Page 6**

preserve information from which his financial condition or the business transactions at issue might be ascertained.

26. Defendant also has failed to explain satisfactorily the losses purportedly suffered by Defendant and Debtor Company.

27. Plaintiff therefore objects to Defendant's discharge under 28 U.S.C. sections 727(a)(2), (3) and (5).

## Attorney's Fees

28. Trinity has engaged Greer & Shropshire, L.L.P. to bring this suit and has contracted to pay the attorneys a reasonable fee for their services, for which Trinity is entitled to recover in accordance with section 38.001 of the Texas Civil Practice and Remedies Code and section 56.156 of the Texas Property Code. Trinity is also entitled to recover additional attorney's fees in the event this case is appealed, and Trinity is successful in those appeals.

## V. Request for Relief

29. Trinity requests the Court to award the following relief:

(1) determine the amount of the damages to which Trinity is entitled due to Defendant's violations of Texas law, and award additional and punitive damages, together with interest, attorney's fees and costs of court;

(2) determine that the debts and damages owed to Trinity by the Defendant are non-dischargeable pursuant to 11 U.S.C. section 523(a)(2) and 11 U.S.C. section 523(a)(4);

(3) determine that Defendant's debts are not subject to discharge under 11

U.S.C. sections 727(a)(2), (3) and (5); and

      (4)    award Trinity such other and further relief to which the Court may find it justly entitled.

                Respectfully submitted,

                GREER & SHROPSHIRE, L.L.P.

                /s/ Karen G. Shropshire
                By:  KAREN G. SHROPSHIRE
                Texas Bar No. 08417150
                300 Preston Commons West
                8117 Preston Road
                Dallas, Texas   75225
                214.706.9250
                214.706.9251 (fax)
                kshropshire@abttx.com
                **Attorneys for Plaintiff**