# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JOHN T. HOEFER, | § | CASE NO. 08-42075 |
| | § | |
| DEBTOR, | § | CHAPTER 7 |
| | § | |
| AMEGY BANK NATIONAL ASSOCIATION, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | ADV. NO._____ |
| v. | § | |
| | § | |
| JOHN T. HOEFER, | § | |
| | § | |
| DEFENDANT. | § | |

## ORIGINAL COMPLAINT

Amegy Bank National Association ("**Amegy Bank**" or "**Plaintiff**"), hereby files it Original Complaint (the "**Complaint**") against Debtor John T. Hoefer ("**Hoefer**" or "**Defendant**"), and for its causes of action states as follows:

### I.

### THE PARTIES

1. Debtor and Defendant is an individual and resident of Collin County, Texas and may be served with process at his home address, 4608 Lawson Court, Plano, Texas 75093. Process may also be served upon Debtor's counsel of record, Howard Marc Spector at Howard Marc Spector, P.C., 12770 Coit Road, Suite 1100, Dallas, Texas 75251.

2. Amegy Bank is a national banking association authorized to do business in the State of Texas, and is also a creditor and party-in-interest in Debtor's bankruptcy case.

## II.

### Jurisdiction and Venue

3. This is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2)(I) and (J).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## III.

### Factual Background

5. Between 2005 and 2007, Hoefer Management Company, Inc. (HMC) operated a retail flooring business with locations in Rockwall, Garland and Forney, Texas. At all material times, Defendant and Debtor herein was the principal and sole shareholder of HMC. HMC is an insider of Defendant as that term is defined in Section 101(31) of 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**").

6. On August 4, 2008 (the "**Petition Date**"), Amegy Bank, 78 NEP, Ltd. and Trinity Hardwood Distributors, Inc. - the petitioning creditors - filed their involuntary petitions for relief against HMC and Defendant in the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division (the "**Bankruptcy Court**"). On or about August 28, 2008, the Bankruptcy Court entered orders for relief against HMC and Hoefer under chapter 7 of the Bankruptcy Code. HMC's bankruptcy case is pending in the Bankruptcy Court under Case No. 08-42072-7.

The Loan Agreement with Amegy Bank

7. On July 6, 2007, HMC, as borrower, executed a promissory note in favor of Amegy Bank in the original principal amount of $200,000.00 (the "**Promissory Note**"). In connection with the Promissory Note, HMC also executed a Commercial Security Agreement in favor of Amegy

Bank (the "**Security Agreement**") which grants to Amegy Bank a security interest in certain defined collateral of HMC.

8. Simultaneous with HMC's execution of the Promissory Note and Security Agreement, Defendant Hoefer executed a Commercial Guaranty, which provided, among other things, that Defendant personally guaranteed the full and punctual payment and satisfaction of all obligations due and owing under the Promissory Note (the "**Guaranty**"). Due to HMC's defaults under the Promissory Note and Security Agreement, on February 20, 2008, Amegy Bank filed its Original Petition against HMC and Defendant seeking a judgment for amounts due and owing under the Promissory Note and Guaranty in the 44th District Court of Dallas County, Texas, Case No. 08-01891 (the "**State Court**").

9. On June 27, 2008, the State Court granted Amegy Bank's summary judgment against HMC and Hoefer in the amount of $208,065.17, plus attorney fees, interest and court costs (the "**Judgment**"). The Judgment is final and remains wholly unsatisfied.

10. In connection with the July 6, 2007 loan agreement, Defendant Hoefer provided to Amegy Bank a Financial Statement dated June 28, 2007 (the "**Financial Statement**"). The Financial Statement is referenced and incorporated herein as if set forth *in haec verba*.

11. Among other things, Defendant's Financial Statement discloses total liabilities of $468,100, total assets of $1,334,185, and net worth of $866,805. Defendant's Financial Statement is false because it overstates the value of Defendant's assets while understating Defendant's liabilities by approximately $1MM.

12. In addition to the Defendant's personal Financial Statement, Defendant submitted various Profit and Loss and Balance Sheet Statements for HMC throughout 2007. HMC's 2007

Profit and Loss and Balance Sheet Statements are referenced and incorporated herein as if set forth *in haec verba*.

13. Through HMC's Profit and Loss and Balance Sheet Statements, Defendant represented to Amegy Bank that, at all material times, HMC was profitable and owned assets far in excess of HMC's liabilities.

14. Throughout Defendant's Financial Statement, HMC's Profit and Loss and Balance Sheet Statements, Defendant fraudulently represented his personal financial condition, as well as the financial condition of HMC. Amegy Bank reasonably relied upon the information contained in the Financial Statement and HMC's Profit and Loss and Balance Sheet Statements, and loaned HMC $200,000.

15. Despite defaults under the Note, Defendant and HMC failed and refused to surrender Amegy Bank's collateral. Instead, Defendant and HMC fraudulently transferred and/or conveyed most if not all of HMC's personal property to Defendant's daughter and son–in-law, Chad and Lindsay Martin, for use by the Martins in their own flooring business.

Fraudulent Transfer of the Forney Facility and False Testimony

16. While HMC's Rockwall and Garland locations were leased, HMC purchased and owned the facility located at 203 E. US Highway 80, Forney, Texas 75126, in February 2007 (the "**Forney Facility**"). Based upon an August 2007 Financial Statement provided by Defendant to Amegy Bank, the Forney Facility was valued at $927,000 (land value of $451,000 and improvement value of $476,000).

17. Sometime during October 2007, HMC deeded the Forney Location to BDT Services, LLC. BDT Services, LLC is owned and managed by Dennis McCoy. The Debtor received little or

no consideration for the transfer of the Forney Location. According to the Defendant's testimony, Defendant has known Dennis McCoy since 1958, and considers him a close friend.

18. In HMC's original Bankruptcy Schedules and Statement of Financial Affairs, the transfer of the Forney Facility was concealed.

19. In addition, during the Defendant's and HMC's Section 341 Meeting of Creditors, the Defendant testified that the Forney Property was surrendered to or foreclosed by the secured lender, Hubert White. Defendant's testimony was false.

20. The Defendant intended to conceal the transfer of the Forney Facility from his creditors. Defendant only revealed the transfer after Amegy Bank and the Chapter 7 Trustee inquired about the transfer during the Section 341 Meeting of Creditors.

Defendant's Rule 2004 Examination

21. On December 31, 2008, the Bankruptcy Court entered its Agreed Order Granting Motion for Rule 2004 Examination *Duces Tecum* of John T. Hoefer (the "**Rule 2004 Order**"). Despite the Rule 2004 Order, Defendant and HMC failed and refused to produce all documents ordered to be produced, including but not limited to documents relating to the Forney Transfer, and certain bank account statements of Defendant and HMC. On January 9, 2009, Defendant was examined under oath before a court reporter, and again agreed to produce all bank account statements and payment ledgers for HMC and Defendant. Despite his agreement and the Rule 2004 Order, Defendant has failed and refused to produce these responsive documents.

22. Upon information and belief, the Defendant and/or HMC have concealed, destroyed, mutilated, falsified, or failed to keep or preserve recorded information from which Defendant's and/or HMC's financial condition or business transactions might be ascertained.

## IV.

### Count I - 11 U.S.C. § 523(a)(2)(B) Claim

23. Amegy Bank incorporates by reference paragraphs 1 through 22 as if set forth herein.

24. This action is for the determination that Amegy Bank's claim against Defendant is non-dischargeable under 11 U.S.C. § 523(a)(2)(B).

## V.

### Count II - 11 U.S.C. § 523(a)(4) Claim

25. Amegy Bank incorporates by reference paragraphs 1 through 22 as if set forth herein.

26. This action is for the determination that Amegy Bank's claim against Defendant is non-dischargeable under 11 U.S.C. § 523(a)(4).

## VI.

### Count III - 11 U.S.C. § 523(a)(6) Claim

27. Amegy Bank incorporates by reference paragraphs 1 through 22 as if set forth herein.

28. This action is for the determination that the Amegy Bank's claim against Defendant is non-dischargeable under 11 U.S.C. § 523(a)(6).

## VII.

### Count IV - 11 U.S.C. § 727(a)(2)(A) Claim

29. Amegy Bank incorporates by reference paragraphs 1 through 22 as if set forth herein.

30. Defendant, with the intent to hinder, delay, or defraud the creditors of his case and/or HMC's case, transferred, concealed or permitted to be transferred, removed or concealed, property of Defendant and/or HMC within one year before the Petition Date.

31. This action is for the determination that Defendant is not entitled to a discharge under

11 U.S.C. § 727(a)(2)(A), and/or 11 U.S.C. § 727(a)(2)(A) *vis-a-vis* 11 U.S.C. § 727(a)(7) .

## VIII.

### Count V - 11 U.S.C. § 727(a)(3) Claim

32. Amegy Bank incorporates by reference paragraphs 1 through 22 as if set forth herein.

33. Defendant and/or HMC have concealed, destroyed, mutilated, falsified, or failed to keep or preserve recorded information from which Defendant's and/or HMC's financial condition or business transactions might be ascertained.

34. This action is for the determination that Defendant is not entitled to a discharge under 11 U.S.C. § 727(a)(3), and/or 11 U.S.C. § 727(a)(3) *vis-a-vis* 11 U.S.C. § 727(a)(7) .

## IX.

### Count VI - 11 U.S.C. § 727(a)(4)(A) Claim

35. Amegy Bank incorporates by reference paragraphs 1 through 22 as if set forth herein.

36. Defendant and/or HMC knowingly and fraudulently, in or in connection with the bankruptcy cases, made false oaths or accounts.

37. This action is for the determination that Defendant is not entitled to a discharge under 11 U.S.C. § 727(a)(4)(A), and/or 11 U.S.C. § 727(a)(4)(A) *vis-a-vis* 11 U.S.C. § 727(a)(7).

## X.

### Count VII - 11 U.S.C. § 727(a)(5) Claim

38. Amegy Bank incorporates by reference paragraphs 1 through 22 as if set forth herein.

39. Defendant and/or HMC have failed to explain satisfactorily any loss of assets or deficiency of assets to meet Defendant and/or HMC's liabilities.

40. This action is for the determination that Defendant is not entitled to a discharge under

11 U.S.C. § 727(a)(5), and/or 11 U.S.C. § 727(a)(5) *vis-a-vis* 11 U.S.C. § 727(a)(7) .

## XI.

## Count VIII - 11 U.S.C. § 727(a)(6) Claim

41. Amegy Bank incorporates by reference paragraphs 1 through 22 as if set forth herein.

42. Defendant and HMC have refused to obey the Rule 2004 Order.

43. This action is for the determination that Defendant is not entitled to a discharge under 11 U.S.C. § 727(a)(6), and/or 11 U.S.C. § 727(a)(6) *vis-a-vis* 11 U.S.C. § 727(a)(7) .

## XII.

## Reservation of Rights

44. Amegy Bank reserves its right to amend this Complaint, and allege additional claims arising under Sections 523(a) and 727(a); and, any such amendment shall relate back to the filing date of this Original Complaint.

## XIII.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Amegy Bank prays that the Defendant, John T. Hoefer, be cited to appear and answer this Complaint in accordance with the law, and that Amegy Bank have judgment:

a. denying Defendant his discharge;

b. excepting Amegy Bank's claim from discharge;

c. pre-judgment interest as allowed by law;

d. post-judgment interest as allowed by law;

e. for all costs of suit; and

f. for such other and further relief, both at law and in equity, to which Amegy Bank may show itself justly entitled.

Respectfully submitted,

/s/ David L. Woods (03/17/09)
David L. Woods
State Bar No. 24004167
James G. Rea
State Bar No. 24051234
**McGUIRE, CRADDOCK & STROTHER, P.C.**
500 N. Akard St., Suite 3550
Dallas, Texas 75201
Telephone (214) 954-6800
Telecopier (214) 954-6868

**ATTORNEYS FOR AMEGY BANK
NATIONAL ASSOCIATION**

@PFDesktop\::ODMA/MHODMA/SQLSERVER;DMS;473040;1